UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Danny Goodman, Jr.                                    Case No. 6:15-bk-01852-CCJ
                                                      Chapter 7
     Debtor.

_____/

Danny Goodman, Jr.
                                                      Adv. Pro. No. _____-CCJ
     Plaintiff/Debtor,

v.

The State of California acting by and
through the State Board of Equalization,

     Defendant.

_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523

**COMES NOW** Debtor and Plaintiff Danny Goodman, Jr. ("Goodman"), by and through

undersigned counsel, and files this Complaint To Determine Dischargeability of Debts Pursuant

to 11 U.S.C. §§ 505, 523, & 524 and Federal Rules of Bankruptcy Procedure 4007 and 7001 (the

"Complaint"). As grounds therefor, Goodman respectfully shows as follows:

### JURISDICTION

1.     On March 4, 2015 (the "Petition Date"), Goodman filed a voluntary petition for

relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the

"Bankruptcy Code").

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334 and 11 U.S.C. § 523.

3.    Venue of the Bankruptcy Case and this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5.    This action is brought pursuant to 11 U.S.C. §§ 505(a)(1), 523(a)(1), 524, 507(a)(3), and 507(a)(8).

## BACKGROUND

6.    This action relates to certain tax obligations which are allegedly owed to the State of California, acting by and through its Board of Equalization (the "Board").

7.    The Board has filed Proof of Claim No. 3-1 alleging total liabilities as of the Petition Date of $1,138,491.31 (the "Board Claim").

8.    The Board Claim expressly states that it is completely unsecured. Although the Board has filed and recorded notices of tax liens in California, the Board Claim recognizes that Goodman had no property in California on the Petition Date to which any lien could attach and that therefore the entire Board Claim is unsecured.

9.    The Board Claim specifically lists the claim as non-priority, and the Board did not mark or identify the claim as a tax or penalty owed to governmental unties under 11 U.S.C. § 507(a)(8) and expressly failed to check the box on the form for that category.

10.    The alleged obligations of Goodman which are the subject of this proceeding relate to transactions which occurred between April 1, 1990, and June 30, 1992, approximately **25 years ago**.

11.    The allegations concern a business started by Goodman's father, Daniel Goodman, Sr. ("Goodman Sr."), who started a boat sales business with two other partners, Bret A. Potts and Lori S. Potts (collectively, the "Partners"). Goodman Sr. and the Partners called the partnership business the "Galaxie Boat Center."

12.     The Galaxie Boat Center was located in California.

13.     Goodman Sr. passed away when Goodman was only 26 years old. Goodman, who up until then had no management responisbilities in the partnership, took over some of Goodman Sr.'s responsibilities in the partnership.

14.     The Board conducted an audit of "Galaxie Boat Center, Daniel J. Goodman, et al." for the period April 1, 1990, through June 30, 1992, with regards to whether all sales and use excise taxes were paid.

15.     Tax returns as required under California law were timely filed or given to the Board for the period April 1, 1990, through June 30, 1992.

16.     On October 6, 1993, the Board issued a Notice of Determination against Galaxie Boat Center, Daniel J. Goodman, Bret A. Potts, and Lori A. Potts, as partners in the Galaxie Boat Center partnership, for the period April 1, 1990, through June 30, 1992 (the "October 1993 Notice"). A copy of the October 1993 Notice is attached hereto as **Exhibit A**.

17.     In the October 1993 Notice, the Board alleged that there was a liability due from the partnership, and, consequently, the individual partners, in the amount of $338,413.94 in unpaid tax, $84,603.50 in fraud penalties, and $89,479.08 in statutory interest, for a total amount due of $512,496.54.

18.     Galaxie Boat Center, Goodman, and the Partners, filed a timely petition for redetermination to challenge the Board's determination of liability.

19.     After a hearing on the petition for redetermination, the Board issued a Notice of Redetermination on March 15, 2000, with regard to the audit period April 1, 1990, through June 30, 1992 (the "First March 2000 Notice"). A copy of the First March 2000 Notice is attached hereto as **Exhibit B**.

20.    The  First March 2000 Notice (i) eliminated the liability as to all parties for the second quarter of 1990; (ii) determined that the Partners ceased to be partners after January 1, 1991; (iii) determined that the Partners and Goodman were liable for taxes only for the period July 1, 1990, through December 31, 1990; (iv) granted relief from any fraud penalty for the period of July 1, 1990, through December 31, 1990; (v) determined that the partnership ceased to exist as of January 1, 1991; and (vi) eliminated all liability for the partnership "Galaxie Boat Center" for the period January 1, 1991, through June 30, 1992.

21.    Pursuant to the First March 2000 Notice, Goodman allegedly owed the sum of $55,061.67 in tax and $59,850.05 in interest, for the period April 1, 1990, through June 30, 1992.

22.    Although the Board found that the Galaxie Boat Center partnership ceased to exist as of January 1, 1991, the Board in March of 2000 determined that Goodman continued to operate the business no longer as the Galaxie Boat Center partnerhisp, but as a different operation, for the period January 1, 1991 through June 30, 1992.

23.    As a result, on March 14, 2000, the Board issued a separate Notice of Determination to Daniel J. Goodman (the "Second March 2000 Notice").  A copy of the Second March 2000 Notice is attached hereto as **Exhibit C**.

24.    Pursuant to the Second March 2000 Notice, Goodman allegedly owed the sum of $239,458.81 in tax, $59,864.70 in penalties, and $224,985.42 in statutory interest, for a total amount due of $524,308.93, for the period January 1, 1991, through June 30, 1992.

25.    The Second March 2000 Notice was the first determination of liability made by the Board against Goodman in his personal capacity and not as a partner of the Galaxie Boat Center partnership.

26.    The liabitlies asserted by the Board pursuant to the Second March 2000 Notice became due, payable, and delinquent thirty days after the issuance, or April 14, 2000.

27.    Goodman filed a timely petition for redetermination to challenge the Board's Second March 2000 Notice.

28.    Following a March 4, 2003, hearing before the Board on Goodman's petition for redetermination, the Board rejected Goodman's arguments and issued a Notice of Redetermination on March 19, 2003 (the "March 2003 Notice"). A copy of the March 2003 Notice is attached hereto as **Exhibit D**.

29.    Pursuant to the March 2003 Notice, Goodman owed the sum of $239,458.81 in tax, $59,864.70 in penalties, and $301,612.26 in statutory interest, for a total amount due of $600,935.77, for the period January 1, 1991, through June 30, 1992.

30.    The liabilities asserted by the Board pursuant to the March 2003 Notice became due, payable, and delinquent thirty days after issuance, or April 18, 2003.

31.    In 2003, the Board filed a Notice of State Tax Lien with the Los Angeles County Recorder and with the California Secretary of State with respect to the liabilities described in the Second March 2000 Notice and then a second Notice of State Tax Lien with respect to the liabilities alleged in the March 2003 Notice.

32.    In 2013, the Board re-filed a Notice of State Tax Lien with the Los Angeles County Recorder and with the California Secretary of State purporting to extend the tax lien associated with respect to the liabilities alleged in the Second March 2000 Notice and the March 2003 Notice.

33.    As confirmed by the Board Claim, Goodman has no real or personal property in the State of California to which any state tax lien attaches and had no such real or personal

property on the Petition Date.  Goodman and his family left California in 2004 and have since moved to Central Florida.

34.    The October 1993 Notice, the First March 2000 Notice, the Second March 2000 Notice, and the March 2003 Notice (collectively, the "Notices") are not judgments.  The Notices are just administrative determinations of liability by the Board which must be reduced to judgment in order for the Board to collect on the alledged liabilities on an *in personam* basis.

35.    On April 26, 2013, the Board finally filed a lawsuit against Goodman before the Superior Court of the State of California, Case No. 34-2013-001-43997 (the "Lawsuit").

36.    The Lawsuit seeks to reduce to judgment the amounts allegedly owed pursuant to the Second March 2000 Notice and the March 2003 Notice.

37.    Goodman is no longer in the boat sales business, but works two jobs as a full time property manager and part time event disc jockey.  While Goodman initially hired counsel in California to defend him in the Lawsuit, Goodman soon learned that he could not afford to litigate the Lawsuit in California and also afford his other bills and debts.

38.    With the obligations of the Lawsuit, obligations on underwater real property, and other mounting debts, Goodman had no choice but to file for personal bankruptcy.  He now brings this Adversary Proceeding to declare and determine that the alleged obligations to the Board are dischargeable in this bankruptcy.

## COUNT ONE
## DETERMINATION THAT DEBT IS DISCHARGED
## PURSUANT TO 11 U.S.C. § 523(a)(1)

39.    Goodman realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above.

40.    The alleged liability of Goodman to the Board is a tax debt which debt arises from Cal. Rev. & Tax. Code § 6051.

24166918 v2

41.    With respect to that alleged liability, returns were timely filed or given to the Board contemporaneously with the time period at question in this action, well before two years prior to the Pettion Date.

42.    Goodman never filed a fraudulent return and never willfully attempted in any manner to evade or defeat paying the taxes owed to the Board.

43.    The alleged liability of Goodman to the Board is not of the kind and for the periods specified in 11 U.S.C. § 507(a)(3) as this is not a involuntary case and the the facts of this case are otherwise inapposite.

44.    The Board itself, in the Board Claim, acknowledges that it is not a priority claim under any subsection of 11 U.S.C. § 507(a)(8).

45.    Under California law, the only possible subsections of 11 U.S.C. § 507(a)(8) which could apply to the Board Claim would be an excise tax of the type described in 11 U.S.C. § 507(a)(8)(E) or a tax "on or measured by gross receipts" of the type described in 11 U.S.C. § 507(a)(8)(A), but the claims is definitively *not* for a trust fund tax as described in 11 U.S.C. § 507(a)(8)(C). *In re Ilko*, 651 F.3d 1049, 1056 (9th Cir. 2011).

46.    Supporting the Board's admission that the Board Claim is not of the type described in 11 U.S.C. § 507(a)(8)(A), the Board Claim is based on returns timely filed more than three years prior to Petition Date and assessed by the Board more than 240 days prior to the Petition Date.

47.    Supporting the Board's admission that the Board Claim is not of the type described in 11 U.S.C. § 507(a)(8)(E), the Board Claim is based on returns which were due and timely filed more than three years prior to Petition Date.

48.    No other subsection of 11 U.S.C. § 507(a)(8) applies to the Board Claim.

49.    Therefore, the alleged liability of Goodman to the Board is dischargeable pursuant to 11 U.S.C. § 523(a)(1) as the Board Claim is not a priority claim under 11 U.S.C. § 507(a)(3) or (8).

WHEREFORE, Goodman respectfully requests that this Court enter a judgment determining that the Board Claim and all related obligations and liabilities are dischargeable pursuant to 11 U.S.C. § 523(a)(1) and that such debts will be fully and finally discharged upon the entry of a discharge pursuant to 11 U.S.C. § 524 in this bankruptcy, together with such other relief as this Court deems proper.

### COUNT TWO
### DETERMINATION THAT DEBT IS DISCHARGED
### PURSUANT TO CAL. REV. & T. CODE § 6711

50.    Goodman realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above.

51.    Section 6711 of the California Revenue and Tax Code provides as follows:

> At any time within three years after any tax or any amount of tax required to be collected becomes due and payable and at any time within three years after the delinquency of any tax or any amount of tax required to be collected, or within the period during which a lien is in force as the result of the recording of an abstract under Section 6738 or the recording or filing of a notice of state tax lien under Section 7171 of the Government Code, the board may bring an action in the courts of this state, of any other state, or of the United States in the name of the people of the State of California to collect the amount delinquent together with penalties and interest.

52.    California case law has pronounced that Cal. Rev. & T. Code § 6711 and its sister section Cal. Rev. & T. Code § 6757 create a statute of limitations of three years for bringing any actions *in personam* against a taxpayer in order to collect on a tax debt. *People v. Garg*, 20 Cal. Rptr. 2d 80, 83 (Ct. App. 1993).

53.    California case law has determined that the language in Cal. Rev. & T. Code § 6711 regarding the Board's ability to bring an action at any time within the period during which a lien is in place only means that the Board can bring an *in rem* action outside the three year statute of limitations, but cannot bring *in personam* actions after the three year period has run. *Garg*, 20 Cal. Rptr. 2d at 83 ("[The Board's] interpretation, however, results in a statute of limitations without limitation. Because a lien can be renewed indefinitely, the time to bring an action could possibly be never ending. This does not appear to be a reasonable reading of the statute.").

54.    While the Board may retain the right to seek enforcement of its lien after the three year period if the Board can identify property in California which is subject to the lien, it cannot seek to collect the debt from the taxpayer himself. 56 Cal. Jur. 3d Sales and Use Taxes § 79, *Suit for Taxes - Time for Bringing Suit* ("Although the state might have been able to bring an action to enforce the lien, if it could have been established that there existed a viable, valid lien directed at specific property in the state, a personal action against defendants was barred.").

55.    The Lawsuit was brought on April 26, 2013, over thirteen years after the liabilities under the Second March 2000 Notice became due and payable and over ten years after the liabilities under the March 2003 Notice became due and payable.

56.    Therefore, any *in personam* collection of the debts as represented in the Board Claim are time-barred and subject to discharge as beyond the statute of limitations.

57.    Additionally, as the Board has admitted in the Board Claim, there was no property in California on the Petition Date which was subject to the Board's liens, and therefore any *in rem* collection of the debts as represented in the Board Claim are also subject to discharge. *See In re Olson*, 154 B.R. 276, 282 (Bankr. D.N.D. 1993) (holding that tax lien which secured

dischargeable debt would survive bankruptcy only with respect to pre-petition property, but would not attach to post-petition property).

WHEREFORE, Goodman respectfully requests that this Court enter a judgment determining that the Board Claim and all related obligations and liabilities are time-barred pursuant to Cal. Rev. & T. Code § 6711 and that such debts will be fully and finally discharged upon the entry of a discharge pursuant to 11 U.S.C. § 524 in this bankruptcy, that the tax liens filed by the Board are void and of no effect on any post-petition property of Goodman, together with such other relief as this Court deems proper.

**COUNT THREE**
**DETERMINATION OF AMOUNT AND VALIDITY**
**OF TAX DEBT PURSUANT TO 11 U.S.C. § 505**

58.    Goodman realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above.

59.    Goodman does not believe that the liabilities described in the Board Claim are properly assessed against him, nor does Goodman agree with the amount of taxes assessed by the Board in the Board Claim, nor does Goodman agree with the validity of the penalties assessed against him.

60.    Goodman never participated in any tax evasion, and audits performed by the Board are based on false assumptions and incorrect findings.

61.    The amount of legality of the taxes related to the Board Claim have not been previously determined by nor contested before a judicial or administrative tribunal before commencement of this bankruptcy case; thus, this Court has subject matter jurisdiction to make the requested determinations.

WHEREFORE, Goodman respectfully requests that this Court enter a judgment determining that the Board Claim and all related obligations and liabilities are invalid and that such alleged debts will be fully and finally discharged upon the entry of a discharge pursuant to 11 U.S.C. § 524 in this bankruptcy, together with such other relief as this Court deems proper.

### COUNT FOUR
### IN THE ALTERNATIVE, DETERMINATION THAT DEBT IS
### PARTIALLY DISCHARGED PURSUANT TO § 6487 CALIFORNIA CODE

62.    Goodman realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above.

63.    Even if this Court determines that the tax claims related to the Board Claim are not time barred pursuant to  Cal. Rev. & T. Code § 6711, $1,019,663.23 of the total $1,138,491.31 alleged as due on the Petition Date in the Board Claim is time barred by operation of Cal. Rev. & T. Code § 6487(a).

64.    Section 6487(a) of the California Revenue and Tax Code entitled "Notice of deficiency determination; statute of limitations; exceptions," provides as follows:

> For taxpayers filing returns, other than a return filed pursuant to Section 6452.1, on other than an annual basis, except in the case of fraud, intent to evade this part or authorized rules and regulations, or failure to make a return, every notice of a deficiency determination shall be mailed **within three years** after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined or within three years after the return is filed, whichever period expires the later. In the case of failure to make a return, every notice of determination shall be mailed within eight years after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined.

(emphasis added).

65.    The October 1993 Notice was issued as to the Galaxie Boat Center partnerhips and as to Daniel J. Goodman, Bret A. Potts, and Lori A. Potts, as partners, for the period April 1, 1990, through June 30, 1992.

66.    However, the Board later discovered that the October 1993 Notice was issued in error as to the period Janaury 1, 1991, through June 30, 1992, because the Board determined that the Galaxie Boat Center partnership ceased to exist as of Janaury 1, 1991.

67.    Therefore, in the First March 2000 Notice, the Board amended the October 1993 Notice and removed all liability for the period Janaury 1, 1991, through June 30, 1992, as to the Galaxie Boat Center Partnership, Goodman, and the Partners.

68.    Then, in the Second March 2000 Notice, the Board issued a new and independent Notice of Determination as to just Goodman, who in his individual capacity was and is a separate taxpayer from the Galaxie Boat Center partnership.

69.    This Second March 2000 Notice was therefore issued as to Goodman in his personal capacity for the first time well over three years after June 30, 1992, the "last day of the calendar month following the quarterly period for which the amount is proposed to be determined." Cal. Rev. & T. Code § 6487(a).

70.    Pursuant to Cal. Rev. & T. Code § 6487(a), the Second March 2000 Notice was untimely issued and therefore is time barred.

71.    According to the Board Claim, $1,019,663.23 of the total $1,138,491.31 alleged as due on the Petition Date is attributable to the Second March 2000 Notice for the period Janaury 1, 1991, through June 30, 1992.

72.     Therefore, pursuant to Cal. Rev. & T. Code § 6487(a), the Board Claim should be reduced to $118,828.08 and the remaining balance subject to discharge pursuant to 11 U.S.C. § 524.

WHEREFORE, in the alternative to and supplemental to the relief sought in Count Two, Goodman respectfully requests that this Court enter a judgment determining that $1,019,663.23 of the total $1,138,491.31 alleged as due on the Petition Date in the Board Claim is time-barred pursuant to Cal. Rev. & T. Code § 6487(a) and that such debts will be fully and finally discharged upon the entry of a discharge pursuant to 11 U.S.C. § 524 in this bankruptcy, together with such other relief as this Court deems proper.

### COUNT FIVE
### IN THE ALTERNATIVE, DETERMINATION THAT DEBT
### IS PARTIALLY DISCHARGED PURSUANT TO 11 U.S.C. § 523(a)(7)

73.     Goodman realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above.

74.     Even if this Court determines that the tax claims related to the Board Claim are non-dischargeable, pursuant to 11 U.S.C. § 523(a)(7), all penalties, fines, and interest related to the Board Claim are dischargeable.  *See In re Burns*, 887 F.2d 1541, 1544 (11th Cir. 1989) ("A tax penalty is discharged if the tax to which it relates is discharged (in the precise terms of the statute, not nondischargeable) or if the transaction or event giving rise to the penalty occurred more than three years prior to the filing of the bankruptcy petition.").

75.     Of the $1,138,491.31 listed as due on the Petition Date in the Board Claim, $290,937.46 is described as a "penalty" claim.

76.     Therefore, in the alternative and supplemental to the relief sought in Count One, all amounts owed by Goodman pre-petition as penalties are dischargeable, including but not limited to the $290,937.46 expressly listed as penalties on the Board Claim.

WHEREFORE, in the alternative and supplemental to the relief sought in Count One, Goodman respectfully requests that this Court enter a judgment determining that all penalties included in Board Claim are dischargeable pursuant to 11 U.S.C. § 523(a)(7) and that such debts will be fully and finally discharged upon the entry of a discharge pursuant to 11 U.S.C. § 524 in this bankruptcy, together with such other relief as this Court deems proper.

Dated June 1, 2015.

/s/ Michael A. Nardella
**Denise D. Dell-Powell, Esq.**
Florida Bar No. 0890472
Email: ddpowell@burr.com
**Michael A. Nardella, Esq.**
Florida Bar Number: 51265
Email: mnardella@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

*ATTORNEYS FOR DEBTOR*

BT-1210 REV 7 (1-92)

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
P.O. BOX 942879    SACRAMENTO, CALIFORNIA  94279-0001

|  | | PM |
|---|---|---|
| EFFECTIVE DATE OF PAYMENT | | |
| MO. | DAY | YEAR |

VAN NUYS DIST OFFICE                    (818) 901-5293          IN REPLY REFER TO:

GALAXIE BOAT CENTER
DANIEL J. GOODMAN, ETAL
28510 SAND CANYON
CANYON COUNTRY,    CA 91351

DATE:  OCTOBER  6, 1993

| ACCOUNT NUMBER |
|---|
| SR | AC | ███ 0651 |

**NOTICE OF DETERMINATION**

YOU ARE HEREBY NOTIFIED AN AMOUNT OF TAX, INTEREST AND PENALTY DUE FROM YOU PURSUANT TO THE SALES AND USE TAX LAW AND WHERE APPLICABLE, STATE-ADMINISTERED LOCAL SALES AND USE TAX AND DISTRICT TRANSACTION (SALES) AND USE TAX ORDINANCES.

|  | AMOUNT | | | |
|---|---|---|---|---|
|  | TAX | INTEREST | PENALTY | TOTAL |
| AS DETERMINED 04/01/90-06/30/92 | 338413.96 | 89479.08 | 84603.50 | 512496.54 |
| L--0000. |  |  |  |  |
| TOTAL | 338413.96 | 89479.08 | 84603.50 | 512496.54 |
|  | ****PAY THIS AMOUNT | | | 512496.54 |

INTEREST HAS BEEN COMPUTED THROUGH 10/31/93.  ADDITIONAL INTEREST OF   $2,820.89 ACCRUES ON THE AMOUNT OF TAX DUE AT THE MODIFIED ADJUSTED RATE OF 0.8333 OF ONE PERCENT (.008333) EACH MONTH, OR FRACTION THEREOF, BEGINNING ON 11/01/93.

ADDITIONAL PENALTY OF    33841.40 IF NOT PAID BY 11/05/93.

PENALTY OF 25% HAS BEEN ADDED FOR FRAUD OR AN INTENT TO EVADE THE TAX.

LIABILITY DISCLOSED BY AUDIT.
This Notice of Determination has been issued in the names of Daniel J. Goodman, Bret A. Potts &      INFORMATION CONCERNING TAX DETERMINATIONS
Loris A. Potts
A PERSON AGAINST WHOM A DETERMINATION IS MADE OR ANY PERSON DIRECTLY INTERESTED MAY PETITION FOR REDETERMINATION WITH THE BOARD OF EQUALIZATION WITHIN 30 DAYS FROM THE DATE SHOWN AT THE TOP OF THIS NOTICE.
A PETITION MUST BE IN WRITING AND STATE THE SPECIFIC GROUNDS UPON WHICH IT IS FOUNDED.  ANYONE FILING A PETITION SHOULD BE PREPARED TO SUBMIT DOCUMENTARY EVIDENCE TO SUPPORT THE SPECIFIC GROUNDS UPON REQUEST.
IF A HEARING IS DESIRED, IT SHOULD BE REQUESTED IN THE PETITION.  THE REQUEST SHOULD SPECIFY WHETHER AN APPEALS CONFERENCE WITH A STAFF COUNSEL OR SUPERVISING TAX AUDITOR AT THE NEAREST DISTRICT OFFICE OR A HEARING BEFORE THE BOARD IN SACRAMENTO IS DESIRED.  A 10 DAY NOTICE OF THE TIME AND PLACE OF HEARING WILL BE GIVEN.
THE FILING OF A PETITION WILL NOT PREVENT THE ACCRUAL OF INTEREST. THE APPLICATION OF ADDITIONAL PENALTY REFERRED TO ABOVE WOULD BE DEFERRED UNTIL 30 DAYS AFTER THE DATE OF A NOTICE OF REDETERMINATION.
PROMPT PAYMENT OF UNDISPUTED PORTIONS OF THE LIABILITY SHOULD BE MADE.

PLEASE RETURN THIS COPY WITH YOUR PAYMENT          **EXHIBIT A**
ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK OR MONEY ORDER



BT-1210 REV. 7 (1-92)

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
P.O. BOX 942879    SACRAMENTO, CALIFORNIA    94279-0001

|  | PM |
|---|---|
| EFFECTIVE DATE OF PAYMENT | |
| MO. | DAY | YEAR |

IN REPLY REFER TO:

GALAXIE BOAT CENTER
DANIEL J. GOODMAN, ETAL
28519 SAND CANYON
CANYON COUNTRY    CA 91351

DATE: OCTOBER 6, 1993

**NOTICE OF DETERMINATION**

PAGE    2

ACCOUNT NUMBER

| SR | AC | | 3651 |

|  | AMOUNT | | | |
|---|---|---|---|---|
|  | TAX | INTEREST | PENALTY | TOTAL |

THIS WILL PREVENT ACCRUAL OF ADDITIONAL INTEREST THEREON AND WILL NOT IN
ANY WAY AFFECT THE PROTESTED PORTIONS.

BOE-1210 (S1) REV. 10 (1-99)



ST  E OF CALIFORNIA
BOARD OF EQUALIZATION
P.O BOX 942879 SACRAMENTO, CALIFORNIA  94279-0001
VAN NUYS DISTRICT
(818) 904-2300

| FOR BOARD USE ONLY | |
|---|---|
| RE | PM |
| EFFECTIVE DATE OF PAYMENT | |
| MO | DAY        YEAR |

DANIEL J.GOODMAN
12929 GLADIOLUS DR
CANYON COUNTRY CA 91351

**Account:** ▉8651

| Notice Id: | 0000 0463 808 | March 15, 2000 |
|---|---|---|
| Amount Due | | 114,911.72 |
| Amount enclosed | | |

Additional charges are due if not paid by 03/31/00
(See instructions below)

3

---

\* Notice of Redetermination \*
You are hereby notified that the action indicated below was
taken on your petition for redetermination.

| Sales and Use Taxes<br>SALES TAX REGULAR | TAX | Interest | Penalty | Total |
|---|---|---|---|---|
| DETERMINATION issued 10/06/93<br>As determined by Audit<br>For the Period 04/01/90-06/30/92 | | | | |
| Rev Adj | 55,311.67 | | | 55,311.67 |
| Interest 08/01/90-03/31/00 | | -130,086.66 | | -130,086.66 |
| Payment 05/17/95 | -250.00 | | | -250.00 |
| Interest 06/01/95-03/31/00 | | 189,936.71 | | 189,936.71 |
| Subtotal | 55,061.67 | 59,850.05 | 0.00 | 114,911.72 |

AMOUNT-DUE                                                     114,911.72
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

        Additional interest accrues on the unpaid TAX at the rate of 0.917 %
per month. Interest of 504.73 will accrue if the TAX due is not paid
on or before 03/31/00.

        Notice of Board Action - Upon consideration of petitioners' arguments,
the Board concluded that: (1) Bret A. and Loris A. Potts were not
partners in the partnership after January 1, 1991; (2) relief from the
tax liability for the second quarter 1990 should be granted on the
basis that the waiver signed by Mr. Goodman applied only to Mr.
Goodman; (3) relief from the fraud penalty was warranted; (4) Daniel
J. Goodman, Bret A. and Loris A. Potts are liable for the tax and
interest for the period July 1, 1990 through December 31, 1990; (5)
liability under the partnership for the period January 1, 1991 through
June 30, 1992 should be deleted. Mr. Goodman operated the business as
a sole proprietor under the dba Galaxie Boat Center for the period
January 1, 1991 through June 30, 1992 and is liable for the liability
accruing to this period. Accordingly, the Board ordered: (1) the

Continued on back

Always write your account number: ▉▉▉▉651 on your check or money
order. Return this notice with your check in the enclosed envelope.
Make a copy for your records.

**EXHIBIT B**

00001414128

BOE-1210 (S2) REV. 10 (1-99)

STATE OF CALIFORNIA
BOARD OF EQUALIZATION

VAN NUYS DISTRICT          (818) 904-2300

Account: 8651

| * Notice of Redetermination *<br>Page 2 | Notice Id: | 0000 0463 808 | March 15, 2000 | | 3 |
|---|---|---|---|---|---|
| Sales and Use Taxes<br>SALES TAX REGULAR | TAX | Interest | Penalty | Total | |

period of the determination be changed to July 1, 1990 through
December 31, 1990, the tax redetermined to $55,311.67, and the fraud
penalty deleted; (2) the liability for the second quarter 1990 and for
the period January 1, 1991 through June 30, 1992 be deleted; and (3)
any payment received from Daniel J. Goodman be applied to the third
and fourth quarters of 1990 first. The Board further ordered the
issuance of a new determination in the tax amount of $239,458.81 and
fraud penalty of $59,864.70 in the name of Mr. Daniel J. Goodman for
the period January 1, 1991 through June 30, 1992.

Additional penalty of 5,506.17 is due if not paid by 04/14/00.

This notice is issued and mailed to all partners/co-owners registered
to this account.

Always write your account number 8651 on your check or money
order. Return this notice with your check in the enclosed envelope.
Make a copy for your records.



BOE-1210 (S1) REV. 10 (1-99)

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
P.O BOX 942879 SACRAMENTO, CALIFORNIA  94279-0001
VAN NUYS DISTRICT
(818) 904-2300

FOR BOARD USE ONLY

RE                      PM

EFFECTIVE DATE OF PAYMENT

MO            DAY            YEAR

DANIEL J. GOODMAN, JR.
29129 GLADIOLUS
CANYON COUNTRY CA 91386

**Account:** 2054

| Notice Id: | 0000 0483 385 | March 14, 2000 |
|---|---|---|

Amount Due                                        524,308.93
Amount enclosed

Additional charges are due if not paid by 03/31/00
(See instructions below)

6

** Notice of Determination **
You are hereby notified of an amount due as shown below.

| Sales and Use Taxes SALES TAX REGULAR | TAX | Interest | Penalty | Total |
|---|---|---|---|---|
| DETERMINATION issued 03/14/00 As determined by Audit For the Period 01/01/91-06/30/92 | | | | |
| Revenue | 239,458.81 | | | 239,458.81 |
| Interest 05/01/91-03/31/00 | | 224,985.42 | | 224,985.42 |
| Penalty | | | 59,864.70 | 59,864.70 |
| Subtotal | 239,458.81 | 224,985.42 | 59,864.70 | 524,308.93 |

AMOUNT-DUE                                                                              524,308.93
*********************************************************************************************************

          Additional interest accrues on the unpaid TAX at the rate of 0.917 %
          per month. Interest of 2,195.04 will accrue if the TAX due is not paid
          on or before 03/31/00.

          Penalty of 25% has been added for fraud or an intent to evade the TAX.

          Additional penalty of 23,945.88 is due if not paid by 04/15/00.

          Liability disclosed by audit.

                    Information concerning Determinations
          The person against whom a determination is made or any person directly
          interested may petition for a redetermination with the Board of
          Equalization within 30 days from the date shown at the top of this
          notice. A petition must be in writing and state the specific grounds
          upon which it is founded. Anyone submitting a petition should be
          prepared to submit documentary evidence to support the specific
          grounds upon request. If a hearing is desired, it should be requested

                              Continued on back

Always write your account number: 2054 on your check or money
order. Return this notice with your check in the enclosed envelope.
Make a copy for your records.

**EXHIBIT C**

00001360662

BOE-1210 (S2) REV. 10 (1-99)

VAN NUYS DISTRICT          (818) 904-2300

STATE OF CALIFORNIA
BOARD OF EQUALIZATION

Account: 2054

| ** Notice of Determination ** Page 2 | Notice Id: | 0000 0483 385 | March 14, 2000 | | 6 |
|---|---|---|---|---|---|
| Sales and Use Taxes SALES TAX REGULAR | TAX | Interest | Penalty | Total | |

in the petition. The request should specify whether an appeals conference with a staff counsel or supervising tax auditor at the nearest district or a hearing before the Board in Sacramento is desired. A 10 day notice of the time and place of the hearing will be given.

The filing of a petition will not prevent the accrual of interest. However, the application of additional penalty referred to above would be deferred until 30 days after the date of a notice of redetermination. Prompt payment of undisputed portions of the liability should be made. This will prevent accrual of additional interest thereon and will not in any way affect the protested portions.

BOE-1210 (S1) REV. 10 (1-99)

STATE OF CALIFORNIA
BO〉  〉OF EQUALIZATION
P.O BOX 942879 〈  〈RAMENTO, CALIFORNIA 94279-0001
VAN NUYS DISTRICT
(818) 904-2300

| FOR BOARD USE ONLY | |
|---|---|
| RE〈  〉 | PM |
| EFFECTIVE DATE OF PAYMENT | |
| MO | DAY   YEAR |

JAMES MORRIS
13400 RIVERSIDE DR., #112
SHERMAN OAKS CA 91423

**Account:** ▮▮▮▮2054

| Notice Id: | 0000 2297 857 | March 19, 2003 |
|---|---|---|

Amount Due                                   600,935.77
Amount enclosed            _____

Additional charges are due if not paid by 03/31/03
(See instructions below)

[ 2 ]

Copy of Notice issued to:
GALAXIE BOAT CENTER
DANIEL J. GOODMAN, JR.
P.O.BOX 3017
CANYON COUNTRY CA 91386

* Notice of Redetermination *
You are hereby notified that the action indicated below was
taken on your petition for redetermination.

| Sales and Use Taxes SALES TAX REGULAR | TAX | Interest | Penalty | Total |
|---|---|---|---|---|
| DETERMINATION issued 03/14/00 | | | | |
| As determined by Audit | | | | |
| For the Period 01/01/91-06/30/92 | | | | |
| Revenue | 239,458.81 | | | 239,458.81 |
| Interest 05/01/91-03/31/03 | | 301,612.26 | | 301,612.26 |
| Penalty | | | 59,864.70 | 59,864.70 |
| Subtotal | 239,458.81 | 301,612.26 | 59,864.70 | 600,935.77 |

AMOUNT DUE                                                                     600,935.77
***************************************************************************************************

Additional interest will accrue in accordance with the Revenue and
Taxation Code section 6591 on the unpaid TAX at the rate of 0.750 %
per month. Interest of 1,795.94 will accrue if the TAX is not paid on
or before 03/31/03.

Additional penalty of 23,945.88 is due if not paid by 04/18/03.

Notice of Board Action - The Board concluded that: (1) petitioner was
the owner of the business during the time period at issue; (2) the
audited measures of tax were established using reasonable methods; (3)
petitioner has not provided no documentary evidence to rebut audited
taxable sales; (4) documentation fees and preparation charges are
services that are a part of the sale of boats and are included in
petitioner's taxable gross receipts; (5) the resale certificates
provided by petitioner are insufficient to support claimed deductions;
and (6) the penalty for fraud or intent to evade the tax is
applicable. Accordingly, the Board ordered that the tax and penalty be
redetermined without adjustment.

Always write your account number: ▮▮▮▮2054 on your check or money
order. Return this notice with your check in the enclosed envelope.
Make a copy for your records.

**EXHIBIT D**

00004947091