*This document is deemed filed on July 14, 2015 10:07am pursuant to Local Rule 5001-2 governing after-hours filings.*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re: | |
| DANIEL GOODMAN, JR. | CASE NO. 6:15-bk-01852-CCJ<br>CHAPTER 7 |
|     DEBTOR. | |
| _____/ | |
| DANIEL GOODMAN, JR. | |
|     PLAINTIFF/DEBTOR | ADVERSARY PRO. NO. 6:15-ap-00062-CCJ |
| v. | ANSWER |
| THE STATE OF CALIFORNIA ACTING BY AND THROUGH THE STATE BOARD OF EQUALIZATION, | |
|     DEFENDANT | |
| _____/ | |

Defendant and creditor California State Board of Equalization (SBE), by and through its undersigned counsel, admits, denies, and alleges as follows:

### JURISDICTION AND VENUE

1. In answer to paragraph 1, the SBE admits the allegations therein.

2. In answer to paragraph 2, the SBE admits the allegations therein.

3. In answer to paragraph 3, the SBE admits the allegations therein.

4. In answer to paragraph 4, the SBE admits the allegations therein.

1

5. In answer to paragraph 5, the SBE admits the allegations therein.

BACKGROUND

6. In answer to paragraph 6, the SBE admits that the action relates to certain tax obligations that are owed to SBE, except as admitted, the remaining allegations therein are denied.

7. In answer to paragraph 7, the SBE admits the allegations therein.

8. In answer to paragraph 8, the SBE admits that the Board claim is designated as unsecured. The SBE is without sufficient information and belief to admit or deny the remaining allegations of this paragraph, and therefore, denies the same.

9. In answer to paragraph 9, the SBE admits the allegations therein.

10. In answer to paragraph 10, the SBE admits the allegations therein.

11. In answer to paragraph 11, the SBE has insufficient information to admit, deny or the allegations contained therein, and, therefore, denies the same.

12. In answer to paragraph 12, the SBE admits the allegation therein.

13. In answer to paragraph 13, the SBE admits that Mr. Goodman Sr. passed away, but denies the remaining allegations of this paragraph.

14. In answer to paragraph 14, the SBE admits that it conducted an audit of Galaxie Boat Center, Daniel J. Goodman, et al, for the quarterly periods April 1, 1990, through June 30, 1992, to determine whether the taxpayer had an unpaid or unreported sales and/or use tax liabilities to the State of California. Except as admitted herein, the remaining allegations are denied.

15. In answer to paragraphs 15, the SBE admits the allegations therein.

16. In answer to paragraphs 16, the SBE admits the allegations therein.

17. In answer to paragraphs 17, the SBE admits the allegations therein.

18. In answer to paragraphs 18, the SBE admits the allegations therein.

19. In answer to paragraphs 19, the SBE admits the allegations therein.

20. In answer to paragraphs 20, the SBE admits the allegations therein.

21. In answer to paragraphs 21, the SBE admits the allegations therein.

22. In answer to paragraphs 22, the SBE admits the allegations therein.

23. In answer to paragraphs 23, the SBE admits the allegations therein.

24. In answer to paragraphs 24, the SBE admits the allegations therein.

25. In answer to paragraph 25, the SBE admits the allegations therein and further alleges that on March 14, 2000, a Notice of Determination was issued to Daniel J. Goodman, Jr., in the amount of $239,458.81 in tax, $59,864.70 in penalties, and $224,985.42 in statutory interest, for a total amount due of $524,308.93, on Account No. SR SO 097-672054 for the period January 1, 1991, through June 30, 1992. The March 14, 2000, Notice of Determination included a penalty of 25% based on the Board's finding of fraud or intent to evade the tax owing pursuant to California Revenue and Taxation Code § 6485.

26. In answer to paragraphs 26, the SBE admits the allegations therein.

27. In answer to paragraphs 27, the SBE admits the allegations therein.

28. In answer to paragraphs 28, the SBE admits the allegations therein.

29. In answer to paragraphs 29, the SBE admits the allegations therein.

30. In answer to paragraphs 30, the SBE admits the allegations therein.

31. In answer to paragraphs 31, the SBE admits the allegations therein.

32. In answer to paragraphs 32, the SBE admits the allegations therein.

33. In answer to paragraphs 33, the SBE is without sufficient information and belief to admit or deny the allegations, and, therefore, denies the same.

34. In answer to paragraphs 34, the SBE admits the Notices are not judgments. The SBE denies the remaining allegations set forth therein.

35. In answer to paragraphs 35, the SBE admits the allegations therein.

36. In answer to paragraphs 36, the SBE admits the allegations therein.

37. In answer to paragraph 37, the SBE has insufficient information to admit, deny or the allegations contained therein, and, therefore, denies the same.

38. In answer to paragraph 38, the SBE has insufficient information to admit, deny or the allegations contained therein, and, therefore, denies the same.

## COUNT ONE

39. In answer to paragraph 39, the SBE reasserts its responses to the allegations contained in paragraphs 1 through 38 above.

40. In answer to paragraph 40, the SBE admits the allegations therein.

41. In answer to paragraph 41, the SBE admits the allegations therein.

42. In answer to paragraph 42, the SBE denies the allegations therein.

43. In answer to paragraph 43, the SBE admits the allegations therein.

44. In answer to paragraph 44, the SBE admits the allegations therein.

45. In answer to paragraph 45, the SBE admits the allegations therein.

46. In answer to paragraph 46, the SBE admits the allegations therein.

47. In answer to paragraph 47, the SBE admits the allegations therein.

48. In answer to paragraph 48, the SBE admits the allegations therein.

49. In answer to paragraph 49, the SBE admits that its claim is not entitled to priority and therefore, does not meet the requirements for nondischargeability under 11 U.S.C. § 523(a)(1)(A). Except as admitted herein, the SBE denies the remaining allegations.

## COUNT TWO

50. In answer to paragraph 50, the SBE reasserts its responses to the allegations contained in paragraphs 1 through 38 above.

51. In answer to paragraph 51, the SBE admits the allegations therein.

52. In answer to paragraph 52, the SBE denies the allegations therein.

53. In answer to paragraph 53, the SBE denies the allegations therein.

54. In answer to paragraph 54, the SBE denies the allegations therein.

55. In answer to paragraph 55, the SBE admits the allegations therein.

56. In answer to paragraph 56, the SBE denies the allegations therein.

57. In answer to paragraph 57, the SBE has insufficient information to admit, deny or the allegations contained therein, and, therefore, denies the same.

## COUNT THREE

58. In answer to paragraph 58, the SBE reasserts its responses to the allegations contained in paragraphs 1 through 38 above.

59. In answer to paragraph 59, the SBE has insufficient information to admit, deny or the allegations contained therein, and, therefore, denies the same.

60. In answer to paragraph 60, the SBE denies the allegations therein.

61. In answer to paragraph 61, the SBE denies the allegations therein.

## COUNT FOUR

62. In answer to paragraph 62, the SBE reasserts its responses to the allegations contained in paragraphs 1 through 38 above.

63. In answer to paragraph 63, the SBE denies the allegations therein.

64. In answer to paragraph 64, the SBE admits the allegations therein.

65. In answer to paragraph 65, the SBE admits the allegations therein.

66. In answer to paragraph 66, the SBE denies the allegations therein.

67. In answer to paragraph 67, the SBE admits that it issued a Notice of Determination to plaintiff on March 14, 2000, that contained a 25% fraud penalty. Except as expressly admitted, the SBE denies the allegations therein.

68. In answer to paragraph 68, the SBE admits that it issued a Notice of Determination dated March 14, 2000, to the Plaintiff, and a Notice of Redetermination dated March 15, 2000, to the Plaintiff. Except as expressly admitted herein, the SBE denies the allegations of paragraph 68.

69. In answer to paragraph 69, the SBE admits that, because the determination was based on fraud, the SBE issued a Notice of Determination to the Plaintiff on March 14, 2000. Except as admitted herein, the SBE denies the remaining allegations of paragraph 69.

70. In answer to paragraph 70, the SBE denies the allegations therein.

71. In answer to paragraph 71, the SBE has insufficient information to admit, deny or the allegations contained therein, and, therefore, denies the same.

72. In answer to paragraph 72, the SBE denies the allegations therein.

## COUNT FIVE

73. In answer to paragraph 73, the SBE reasserts its responses to the allegations contained in paragraphs 1 through 38 above.

74. In answer to paragraph 74, the SBE denies that interest related to a nondischargeable tax claim is dischargeable.

75. In answer to paragraph 75, the SBE admits the allegation therein.

76. In answer to paragraph 76, the SBE denies the allegation therein.

### FIRST DEFENSE

Plaintiff willfully attempted to evade or defeat his sales and use tax liability for the period from January 1, 1991 to June 30, 1992, as such, his liability is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C).

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and estoppel as to whether the taxes are owed since the Debtor was criminally convicted of theft of taxes owed to the SBE in Municipal Court of Newhall Judicial District, County of Los Angeles, State of California case number PA017344.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands since plaintiff was criminally convicted of grand theft as to taxes owed to SBE.

The SBE lacks knowledge or information sufficient to form a belief as to whether it may have available as yet unstated defenses, and, therefore, reserves its right to amend its answer and/or later assert additional defenses as they arise by virtue of the information and facts obtained through discovery and pleading.

WHEREFORE, SBE respectfully requests that this Court enter a judgment denying any and all relief sought by the Plaintiff as to SBE Claim No. 3-1.

///

Dated:        July 14, 2015             Respectfully submitted:

/s/ Dana Flanagan-McBeth
Dana Flanagan-McBeth,
California State Bar No. 208291
State Board of Equalization
Legal Department
450 N Street - MIC:82
Post Office Box 942879
Sacramento, CA  94279-0082
(916) 323-3354 (telephone)
(916) 323-3387 (facsimile)
Email address:Dana.Flanagan-McBeth@boe.ca.gov

| In re: Danny Goodman, Jr.<br><br>Debtor(s). | Case No. 6:15-bk-01852-ccj |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: State Board of Equalization, 450 N Street, MIC 82, Sacramento, CA 95814.

A true and correct copy of the foregoing document described as:

1. ANSWER

2. PROOF OF SERVICE

will be served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On July 14, 2015 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

| | | |
|---|---|---|
| **Michael A Nardella**<br>200 S. Orange Avenue<br>Suite 800<br>Orlando, FL  32801 | **Judge Cynthia Jackson**<br>U.S. Bankruptcy Court<br>Middle District Florida<br>400 W. Washington St., Courtroom D<br>Orlando, Florida 32801 | **Clerk, U.S. Bankruptcy Court**<br>Middle District Florida<br>400 W. Washington St., Suite 5100<br>Orlando, Florida 32801 |

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 14, 2015                                                                                         CARYN PERRY

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                  F 9013-3.1