[nopsmsja] [Adversary – Notice Regarding Opposing Motions for Summary Judgment]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              Case No. 6:15−bk−01852−CCJ
                                                    Chapter 7

Danny Goodman Jr


_____Debtor(s)_____/

Danny Goodman Jr.




          Plaintiff(s)


vs.                                                 Adv. Pro. No. 6:15−ap−00062−CCJ


State of California, acting by and through the State
Board of Equalization




_____Defendant(s)_____/

## NOTICE REGARDING OPPOSING MOTIONS FOR SUMMARY JUDGMENT

   NOTICE IS HEREBY GIVEN THAT Plaintiff ("Movant") has moved for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, which adopts by reference Rule 56 of the Federal Rules of Civil Procedure. This means that the Movant has asked the Court to decide this matter in the Movant's favor without a trial, based on written materials, which may include affidavits or declarations, submitted in support of the motion. Rule 56 allows this Court to decide a matter without a trial if the Court determines that there is no genuine issue regarding the material facts of the matter and the Movant is entitled to judgment as a matter of law.

   You have a right to submit affidavits or other material in opposition to the motion no later than 21 days after the date of service of this notice . You may NOT oppose summary judgment simply by relying on the statements you made in your answer or original response. If you do respond to the motion for summary judgment, the Movant may file a reply within 14 days after being served with your response. If you do not respond with sworn affidavits or declarations or properly authenticated documentary evidence contradicting the facts asserted by the opposing party, the Court may accept those facts as true. Therefore, it is important that you provide support to show that there is an issue for trial based on a dispute of the facts.

   Notice should be taken that failure of a party to seek summary judgment does not prevent the Court from granting summary judgment in that party's favor on the Court's own motion based on written materials.

   Attached to this notice is Rule 56 and a form of declaration that you may wish to use in responding to the motion for summary judgment.

                                                    BY THE COURT
          Dated: September 3, 2015                  Lee Ann Bennett , Clerk of Court
                                                    George C. Young Federal Courthouse
                                                    400 West Washington Street
                                                    Suite 5100

Orlando, FL 32801

Rule 56, Federal Rules of Civil Procedure

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense––or the part of each claim or defense––on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

    (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

    (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials––including the facts considered undisputed––show that the movant is entitled to it; or

    (4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact––including an item of damages or other relief––that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court––after notice and a reasonable time to respond––may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
[DIVISION NAME] DIVISION

In re:  Case No.
  Chapter

Debtor Name

Joint Debtor Name

     Debtor(s)     /

Plaintiff(s) Name

     Plaintiff(s)

vs.  Adv. Pro. No.

Defendant(s) Name

     Defendant(s)     /

**DECLARATION UNDER PENALTY OF PERJURY**

I, [name of person making statements], being at least 18 years of age, hereby declare based on my personal knowledge:

[numbered paragraphs stating facts in support of your position]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [date signed].

_____

[printed or typed name of person signing declaration – the person making the declaration signs his or her name above the line]